Friday, October 14. The Judges delivered their opinions.
Judge Tucker.
In this case, I approve entirely of the Chancellor’s decree. The defendant in his answer having positively denied that interpretation of the written agreement, between the plaintiff and himself, which appears obvious upon the face of it, I think the plaintiff was entitled to resort to parol testimony to explain it, according ta the intention of the parties, as declared and understood between them, and by the witnesses themselves at the time. That explanation barely confirms the obvious interpretation, and perfectly invalidates the -answer, which alone could create a doubt as to the true meaning of the agreement. I am, therefore, of opinion, that the decree be affirmed.
*622 Judge Roane.
There are only two grounds upo'ü which the appellants’ construction of the agreement can be maintained: 1st. That, in point of fact, there is vacant jan(j iying between the lumber-house and Crouch’s line, which may satisfy this expression in the agreement, 44 a “ large lumber-house and the lot of ground extending to “ Crouch’s lineor, 2dly. That, if that expression cannot thus be satisfied, the grant of the land in question, is nevertheless restrained, by the stipulation on the part of Coutts, therein contained, to make a deed “ for the lot and houses 44 before mentioned and now in the possession of Hicks 41 and Campbell’’ In the first view, testimony must be resorted to, on the part of the appellants, if they would vary the (otherwise) clear construction of the agreement, carrying the land in controversy to the appellee. And, in the second view, the restriction contended for, on the part of the appellant, will be obviated by testimony shewing that, in truth, the land in controversy was at the time in possession of Hicks and Campbell. I am inclined to think that, in both cases, such testimony is proper; not as varying the agreement, as upon its own face, but supplying facts necessary for the understanding of it.
As to the first view; it is clear, that no land is vacant between the lumber-house and Crouch’s line; or at least, if any, it is so extremely minute a slip, as not to satisfy the expression 44 lot.” I infer, that there is none; because by the deed of February, 1793, among the exhibits, Coutts leases to Hicks a piece or parcel of land 44 adjoining the 44 land of Richard Crouch, containing in front” (on the street leading to the governor’s house) 44 forty feet, and 44 running back thirty‘two feet,” and on which Hicks covenants to build a lumber-house of 44 forty by thirty feet” dimensions. If, therefore, the house was built according to the terms of the lease, i. e. forty feet long, not an inch of vacant ground could be left: but this is not all. John Hicks tells us, in his deposition, (referring tq this lease,) that he undertook to build a lumber-house of certain dimensions, 44 which was erected.” I take it, therefore, to be- *623 clearly established that no vacant land does exist in that , . , , , quarter, or at least, no piece large enough to be denominated a “ lot of ground,” and thus falsify the terms of the r™ . . agreement. The general expression m the agreement must, therefore, operate in favour of the appellees, unless (in the second view of the case) it be shewn that the land in question, was not in possession of Hicks and Campbell; thus restraining, by proof, the latitude of the expressions in the agreement: but, on the contrary, we are told by Hicks, that although he did not claim the land in question, by virtue of his lease, yet that he paid a “ yearly rent for the back “ ground and houses he made use ofwhich account is also corroborated by the testimony of Campbell; they, therefore, were in possession of the land in controversy. Both grounds of restriction, therefore, fail the appellants^ and the Chancellor’s construction of the agreement is undoubtedly correct.
I am of opinion that the decree of the Superior Court of Chancery be affirmed.
Judge Fleming.
The principal point in controversy is whether the whole lot of forty-two feet on the main street, and extending the same breadth up to Crouch’s line, was contracted for? and it seems clearly to me that it was so, by the written contract itself: but had there been a doubt on the subject, I am of opinion, that, from precedents in this Court, particularly in the case of Flemings v. Willis, parol evidence was admissible to explain the intention of the parties. It is a very plain case; and I concur in opinion that the decree of the Chancellor be affirmed.
By the whole Court, (absent Judge Lyons,) the decree of the Superior Court of Chancery affirmed.